The Court,
viz., Sedgwick, Sewall, and Thacher, justices, being of that opinion, the deposition was rejected.
The plaintiff had leave to discontinue
*182 Notice not necessary to the heir upon an application by an executor or administrator to sell real estate for the payment of debts.
[ * 240 ] *Upon a petition by Dillah Rulluff, an administratrix, for liberty to sell so much of the real estate of her intestate as might be necessary for the payment of his just debts and incidental charges, it was made a question by Putnam, who presented the petition, whether, by the act of March 4, 1784, (stat. 1783, c. 32, § 1,) it be not necessary for the Court, previous to granting the license to sell, to order notice to be given to the heirs at law of the intestate to show cause why such license should not be granted, The Court said that such notice was not necessary, and that they never required it.
Note.—It seems, therefore, that the third section of the act above mentioned does not extend to those cases where the application is made to sell so much only of the real estate as may be necessary for the payment of debts, with incidental charges; and that the notice required by the statute has reference to those cases where only a partial sale is necessary for those purposes, and by which the residue of such estate would, as expressed in the statute, be greatly injured, and the application is, for that reason, made to sell the whole real estate. And the distinction appears to be reasonable ; for the whole, and every part and parcel, of the real estate being liable for the payment of the debts of the deceased, there does not appear to be any good reason why, in the first case, the heirs should be notified to show cause, upon an application which is made merely to carry that liability into effecj,. But in the other case, the application being to dispose of not only so much of the real estate as may be necessary for that purpose, but also of the inheritance of the heirs, on the ground that it will be for their benefit, they certainly ought to have an opportunity to be heard upon a question in which they are so materially interested; though it is conceived that the statute is not wholly free from ambiguity, as it respects the question made by the counsel for the petitioners in the foregoing case.